FILED

## In the United States Federal District Court
## For Northern Illinois

JUN 1 1 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Mary E Eldridge and Robert E Eldridge )
      Plaintiffs  *pro se* )
       )
       )
      V. )
       )
US Bank, N.A., as Trustee for the registered )
holders of the Structured Asset Securities )
Corporation Structured Asset Investment Loan )
Trust, Mortgage Pass-Through Certificates )
Series 2003-BC13, Potestivo & Associates, PC,)
Firefly Legal and employee, James Kennedy, )
Judge John J Curry, individually, and in his )
official capacity as Circuit Judge of the Illinois )
Circuit Court of Cook County )
      Defendants )

1:19-cv-03907
Judge John Robert Blakey
Magistrate Judge Jeffrey Cummings

Judge Presiding

Court Room

Trial by Jury Demanded

## Complaint for Violation Of Civil Rights, Failure Of Due Process, Fraud, Lack Of Jurisdiction, Perjury

### PREFACE

1.) On September 22, 2003, Mary E Eldridge signed a Mortgage and Note (obligation) with Finance America, LLC. That obligation was for the property commonly known a: 7737 W 80th Pl, Bridgeview, IL 60455.

2.) Pg. 3 of the Mortgage contract contains the "BORROWER COVENANTS" clause which mandates that the Plaintiffs defend the title to the property from any/all invalid claims, *demands*, or encumbrances.

3.) Judge John J Curry's 'Judgment of Foreclosure', issued on August 28, 2018, is an invalid '*demand*'. Plaintiffs have 'standing' to defend against.

### Background

4.) On July 25, 2011, US Bank, NA, (USB) filed a "Complaint To Foreclose Mortgage" in the Chancery Division of the Circuit Court of Cook County. That Complaint is captioned "11 CH 25851" (11CH).

5.) Plaintiffs have never been validly summonsed and are not under the jurisdiction of Judge John J Curry's Court because of the failure to be served in accordance with Illinois statutes, codes, and Illinois Supreme Court Rules.

## I.  First Cause of Action:  Judge John Curry Violated His Judicial Oath And Office
## When He Rendered A Ruling For Which He Lacked Jurisdiction

6.) This Court has jurisdiction under **42 USC § 1983**. (See _Carey v. Piphus_, 435 U.S. 247 (1978))

7.) Plaintiffs pray for a 'declaratory judgment' that vacates Judge Curry's August 28, 2018, "Judgment of Foreclosure" in 11CH for failure to acquire 'jurisdiction' over the Plaintiffs.

8.) Judge John Curry, in his individual capacity, and as a Circuit Judge of the Illinois Circuit Court, hearing foreclosure cases in the Chancery Division, Calendar 57, ordered a 'Judgment of Foreclosure' against the Plaintiffs, lacking jurisdiction, and in violation of '_due process_' and Plaintiffs' civil rights.

_Ulrich v. Butler_, 130 S Ct 1288 (2010), Holding: <u>Denial of constitutional and civil rights are absolutely not a judicial function and conflict with any definition of a Judicial function</u>. The Supreme Court held judges accountable when their knowing and willing actions fell outside the boundaries of their job description. That **failure to follow simple guidelines of their post makes a judge's action no longer a Judicial act but an Individual act as the act represents their own prejudices and goals**. Case Law also states that **when a judge acts as a trespasser of the law, when a judge does not follow the law, he then loses subject matter jurisdiction** and the Judge's orders <u>are</u> "**void**", _**of no legal force or affect**_.

9.) No judge is granted 'judicial immunity' who acts outside the boundaries of their judicial office.

10.) Judge John Curry failed to protect Plaintiffs' civil rights, and rights to '*due process*' under the **5th** and **14th Amendments**. Each imposes implicit requirements of equal protection, fair trials, fair hearings, and fair rulings.

11.) Judge John Curry, in violation of **Illinois Supreme Court Rules of Conduct** under **Canons 1**, **2**, and **3**, mercilessly and menacingly inflicted condescending, threatening, and contemptuous verbiage and acts against *pro se* litigants before his bench, Mary E Eldridge and Robert E Eldridge, Plaintiffs in this instant matter. His acts were so intense, Mary E Eldridge was reduced to tears, and to date, is too physically and emotionally terrified and intimidated to appear before Judge Curry again.

12.) Plaintiff, Robert E Eldridge, had his document thrown back at him in a menacing, condescending act by Judge Curry. Judge Curry has even threatened the Plaintiff with 'contempt', to silence the Plaintiff.

13.) Judicial immunity is not absolute. Judicial immunity is lost when a Judge lacks jurisdiction.

a.) Judge Curry knows he had no jurisdiction to order a judgment of foreclosure against the Plaintiffs. (See *Rankin v. Howard*, (1980) 633 F.2d 844, cert. den. *Zeller v. Rankin*, 101 S Ct 2020, 451 US 939, 68 L.Ed 2d 326) )

b.) "A *judge must be acting within his jurisdiction as to subject matter and person, to be entitled to immunity from civil actions for his acts*." (*Davis v. Burris*, 51 AZ 220, 75 P.2d 689 (1938) )

c.) "*No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence*." (*Ableman v. Booth*, 21 Howard 506 (1859) )

d.) "*The Eleventh Amendment does not afford them freedom from liability in any case where, under color of their office, they have injured one of the State's citizens*." (*Old Colony Trust Co. v. City Seattle, et al.*, (1926) 271 US 426, 46 S Ct 552, 70 L. Ed at pg. 431)

14.) At no time prior to Judge Curry's Judgment of Foreclosure, had Plaintiffs been properly

summoned as 'Defendants' in Judge Curry's Court. When Mary E Eldridge presented an affidavit with evidence of the failure of Service of Summons, Judge Curry smirked menacingly, denied it, then began a tirade so menacing and condescending, the Plaintiff refuses to re-enter Judge Curry's Courtroom.

15.) **735 ILCS 5/2-206(a)** mandates service by _publication_; affidavit; mailing; certificate. It does not grant permission for 'service by _posting_ and mailing', a mandate that Judge Curry failed to enforce, even when advised by Plaintiffs in this instant matter of that failure.

16.) Judge Curry lost subject matter jurisdiction when USB failed to properly summons the Plaintiffs, and then, following multiple delays that demanded 'dismissal for want of prosecution' (DWP) under Illinois statutes, codes, and Rules, Judge Curry, in a blatant display of his '_own prejudices and goals_', exacted his own brand of 'law' in another violation that totally disregarded the Illinois Appellate Courts' admonishments to him when overturning a previous violation nearly identical to those Judge Curry has committed against the Plaintiffs.

(See _Corlis v. Johana Edelberg_, 2018 IL App (1st) No. 1-17-0049 (2018) which cited: _Cotton_, 2012 IL App (1st) 102438, ¶ 12 (_a judgment entered without personal jurisdiction is void_).
"¶ 25    IV. The Trial Court's Order of Possession and Money Judgment
_Moving to the case at hand, we hold that the trial court erred when it denied defendant's motion to quash service of process and its judgment is void for lack of personal jurisdiction. Equity Residential Properties Management Corp. v. Nasolo, 364 Ill. App. 3d 26, 32 (2006) (when a defendant has not been served with process as required by law, the court has no jurisdiction over that defendant and a judgment entered against him or her is void)._"

17.) **Illinois Circuit Court General Administrative Order 2009-05** states that pursuant to **Illinois Supreme Court Rule 218**, an Initial Case Management Conference **shall** be held in all civil cases within 35 days after the parties are at issue **and in no event more than 182 days following the filing of the Complaint**. USB has been allowed to totally disregard this mandate, and Judge Curry has made no attempt to order a DWP, even when questioned about his failure. In fact during the July hearing Judge Curry excused himself from the bench and came back to "Cite **SCR Rule 183**". Plaintiff was unaware of that rule until Plaintiff searched online after returning home. This was a motion for Extension Of Time. There was no

Motion or Court Order filed regarding the Case Management Conference! The Court, demonstrating complete bias against the Plaintiffs "**Lied To The Plaintiffs**"

18.) **Illinois Supreme Court Rule 1.3: DILIGENCE**

   "A lawyer shall act with reasonable diligence and promptness in representing a client."

19.) USB and their legal representative, Potestivo & Associates, PC (Potestivo), have been in violation for over 450 days. Service by '*posting* and mailing' (improperly allowed by Judge Curry) falls under the **Illinois Eviction Act** and does not comply with **Cook County Circuit Court Rule 7.3**, which only allows alternate service by '*publication and mailing*'.

20.) Plaintiffs have attempted to produce irrefutable evidence that the 'affidavit' submitted by the process server is perjury, but Judge Curry has refused to accept that evidence. Judge Curry has failed to properly consider Plaintiffs' affidavits when ruling on Plaintiffs' Motion to quash service by '*posting*', an improper method of service allowed only in eviction cases to take 'possession'. He repeatedly denies the Plaintiffs '*due process*', and in doing so, has violated their Constitutional rights to '*life, liberty, and the pursuit of happiness*' to enjoy their home.

21.) Pursuant to **735 ILCS 5/2-301** Plaintiffs have never come under Judge Curry's jurisdiction, and Judge Curry is fully aware of that fact, yet has continued, unabated, to violate Illinois statutes, codes, and Illinois Supreme Court Rules and precedent that mandate '**HIS**' compliance. The Circuit Court irrefutably erred in it's entry of "Judgment for Foreclosure" issued August 28, 2018.

22.) Judge Curry has forfeited 'judicial immunity' from this Complaint.

23.) Plaintiffs requested "Substitution of Judge" as is their right, and Judge John Curry denied their request with **No Explanation**. The only decision prior to the denial was to refuse an evidentiary hearing and to verbally abuse the Plaintiffs (Defendants before the Circuit Court) in open court.

## A.  It Is Appropriate For This Court To Take Jurisdiction In This Matter Under  42 USC § 1983

24.) A State officer can be sued in his official capacity for injunctive relief, and individual employees of Federal, State and local government may be sued for damages.

25.) By Supreme Court precedent, the Supreme Court allows liability to attach where government officials act outside the scope of the authority granted to them by State law. (See *Ulrich v. Butler*)

**735 § 5/2**

           **Section 2-1001(a)(2)** of the Code of Civil Procedure provides, in pertinent part:

"**(a)** A change of venue in any civil action may be had in the following situations: * * * * * * **(2)** ***Where any party*** or his or her attorney ***fears that he or she will not receive a fair trial in the court in which the action is pending, because*** * * * ***the judge is prejudiced against him or her***, or his or her attorney * * *."

**735 ILCS 5/2-1301(e)** grants the Court discretion to set aside any 'default' upon any terms and conditions that shall be reasonable. Judge Curry has erred in ordering a 'Judgment of Foreclosure' in 11CH, because Plaintiffs are not subject to his jurisdiction, but Judge Curry issued a 'Judgment of Foreclosure' anyway.

**735 ILCS 5/2-1301(d)** does not allow service by '*posting*', and provides only for service by '*publication*'. The **Four Corners Rule** and **Plain Meaning Rule** do not allow Judge Curry to deviate from the unambiguous language of the Illinois statutes. He has already received admonition from the Illinois Appellate Court, and has fully disregarded them. (See *Corlis v. Johana Edelberg*)

**735 ILCS 5/15- 1107** allows for service by '*publication*' only.

26.) Plaintiffs pray this Court finds Judge Curry liable for his defiance to recognize his lack of jurisdiction in the Chancery Division Foreclosure Complaint, and for Judge Curry's failure to enforce Illinois statutes, codes, and rules he swore an oath to uphold and defend, thereby abandoning 'judicial immunity' granted under the **11th Amendment**.

27.) Judge Curry has clearly "*injured one of the State's citizens*", and should be held accountable to the Plaintiffs for his violations against them. He should be held accountable in both his official and individual capacity.

## II.   <u>Second Cause Of Action:  US Bank, NA's Failure to Summons The</u>

## Plaintiffs

28.) USB filed it's "Complaint to Foreclose Mortgage" on July 11, 2011. From then, till the present, USB has completely failed to serve proper service of summons as mandated to bring that Complaint.

29.) Potestivo, as counsel for USB, perpetrated fraud by failing to comply with **735 ILCS 5/2-206** and **735 ILCS 5/15- 1107** which both allow for service by '*publication*' only, after verifying '*due diligence*' and '*due inquiry*', and not after only 2 verified attempts.

30.) **Illinois Supreme Court Rule 1.3** demands reasonable 'diligence and promptness' by legal representatives when the Court discusses the "Responsibilities of Attorneys" in **Article VIII** of the Supreme Court's "**Rules of Professional Conduct**". At "**Comment 1**", the Illinois Supreme Court states that it is the attorney's responsibility to act with 'advocacy and expediency'. At "**Comment 3**" the Illinois Supreme Court recognizes that 'procrastination' by the attorney can 'adversely affect', especially by passage of time, the client's 'legal position' which 'may be destroyed'.

31.) Potestivo's failure to comply with Illinois Rules for 'service of summons', and **Illinois Circuit Court General Administrative Order 2009-05** and **Illinois Supreme Court Rule 218**, for Case Management, have 'destroyed' USB's legal position. Admission of the Circuit Court's 'Lack of Jurisdiction' and an Order of DWP are the only legal remedies Judge John Curry had available to enforce. The Chancery Court completely lacks any/all 'jurisdiction over the Defendants' (Plaintiffs in this instant matter) due to both Judge John Curry's acts, and the failures of Potestivo.

32.) Every attempt to serve the Plaintiffs has failed compliance, and the most recent attempt to serve summons by '*posting* and mailing' is an improper method, when applying Cook County **Rule 7.3** and **735 ILCS 5/2-206(a)**, which mandate summons by '*publication* and mailing' if service cannot be effected once USB provides sworn proof of *due diligence* and *due inquiry*.

33.) Plaintiffs have irrefutable evidence that the process server, James Kennedy, committed

perjury in attesting to '*due diligence*' and '*due inquiry*' in the affidavit he submitted to obtain the invalid '*grant*' from Judge John Curry to serve by '*posting and mailing*'.

34.) **Illinois Circuit Court General Administrative Order 2009-05**, pursuant to **Illinois Supreme Court Rule 218**, both mandate an 'Initial Case Management Conference' ***shall*** be held in all civil cases within 35 days after the parties are at issue *and in no event more than 182 days following the filing of the Complaint*.

35.) USB has been allowed to totally disregard this mandate multiple times with different counsel, the most recent failure with Potestivo has been for more than 450 days from alleged date of Posting Summons until USB's next appearance for Judgment. To date, no order for dismissal for DWP has been issued. This is a clear violation of Illinois Orders and Rules, with no reasonable excuse for this flagrant violation.

36.) Plaintiffs pray this Court will Order an immediate DWP in compliance with Illinois Orders and Rules, and grant Plaintiffs relief for the physical and emotional suffering this has caused and is causing the Plaintiffs.

## III.  Third Cause Of Action:  Fraud And Perjury Committed By USB's Special Process Server

37.) Violation of **735 ILCS 5/2-206** and **735 ILCS 5/15-1107**

38.) USB's special process server, "James Kennedy" (Firefly Legal employee, "Kennedy") swore he had attempted service upon the Plaintiffs sixteen (16) times, and listed the dates and time of those attempts in an affidavit to which he swore truthfulness under penalty of perjury.

39.) Plaintiffs have 'Ring Doorbell service', and that service provides 'motion detection', and keeps a record of all persons, animals, vehicles, etc., that activate the service by their 'motion' at Plaintiffs' premises.

40.) Ring.com stores the records of those events when 'motion' has been detected, and stores a record of all motion and doorbell rings that occur at their site.

41.) The record kept by Ring.com proves that the special process server made only two (2) attempts to serve summons on the Plaintiffs, despite the sworn testimony of Kennedy in the affidavit submitted by Firefly as Potestivo's claim of '*due diligence*' and '*due inquiry*' to locate the Plaintiffs.

42.) Further, Plaintiffs have attempted to file their own affidavit relating 'historical facts' regarding the 'perjurious' statements of the process server, Kennedy, contained in Firefly's affidavit.

43.) As counsel for USB before the Circuit Court Chancery Division, Potestivo is aware of Court Rules and procedural mandates that govern their representation of their client, USB.

44.) Potestivo has failed to comply with simple, reasonable rules of the Court to summons the Plaintiffs, or to prosecute their client's matter in a timely manner.

45.) To prove a fraud claim, Plaintiff must, with specificity and particularity, evidence the elements of fraud:

a.) James Kennedy made a false statement of material fact. His affidavit, under penalty of perjury, is refuted by Plaintiff's "Ring.com" evidence.

b.) James Kennedy, knowing his affirmations were patently false, made the false affirmations believing he would not be 'caught'.

c.) James Kennedy 'intended' to deceive the Court and the Plaintiffs into believing the veracity of his affirmations (actually, misrepresentations) to secure a grant from the Court to utilize an 'easier' method of 'service' by '*posting*' which is invalid by all Illinois Rules that govern valid 'service', in a mortgage foreclosure complaint. **See {Exhibit B} Kennedy Affidavit**.

d.) Despite repeated attempts by the Plaintiffs to refute James Kennedy's affirmations with competent evidence, Judge John J Curry denied Plaintiffs' attempts to refute the affidavit filed by Potestivo and Firefly, and consented to allow improper 'service by *posting* and mailing', instead of valid 'service by *publication* and mailing'.

e.) The devastating effects of Judge John Curry's, Potestivo's, and USB's reliance on the affidavit of James Kennedy, despite protests by the Plaintiffs in that matter, are concrete injuries which can be remedied by redress by this Honorable Court.

46.) Defendants all meet the five elements necessary for proof of fraud, and Plaintiff prays the Court will recognize that Judge John Curry, Potestivo, and USB are parties to Firefly Legal Services Inc., James Kennedy's fraud for failing to follow proper procedures mandated in the Illinois Circuit Courts for 'valid service', and for failing to act when Plaintiffs demanded to present and be heard on Plaintiffs' own counter evidence.

## IV.  Conclusion

47.) The failures of Judge John J Curry are most egregious, as even the Illinois Appellate Court has made clear to Judge John Curry that he lacked 'jurisdiction' and 'jurisdiction over the parties' when he abandoned Illinois Rules governing his acts to represent his own '*prejudices and goals*', and that no grant of 'judicial immunity' attaches to a judge who acts outside the boundaries of his judicial office. (*Edelberg*)

48.) Judge John Curry has incontrovertibly and unconscionably acted outside the boundaries of his judicial office, and must be held accountable for the injuries suffered at his hands by the Plaintiffs.

## V.  Relief

49.) Plaintiffs pray this Court will recognize the extent of the personal injuries Plaintiffs have already suffered at the hands of the Defendants in the instant matter, and will immediately vacate Judge John Curry's "Judgment of Foreclosure" before further, more serious injuries result from Judge John Curry's abandonment of his sworn Oath of Office to uphold Illinois Supreme Court Rules, and the statutes and codes embodied in the Illinois legislative acts Plaintiffs have presented.

50.) Judge John Curry's violations of the Illinois statutes and codes Plaintiffs have presented in their Complaint have stripped Judge John Curry of 'judicial immunity', as his acts, already exposed in the *Corlis* matter by the Illinois Appellate Court, are a continuation of Judge John Curry's defiance of existing Rules and Orders resulting in Judge John Curry inflicting his own '*prejudices and goals*' as he attempts to design '*his own rules*' based upon those prejudices and goals.Judge Curry's bias was so strong that during the April 2018 appearance he stated "

I have two cases this 7 year and another one for 9 years and these must go." I Robert Eldridge knew based on this comment we would never get a fair trial from this court. I immediately motioned for a Change of Venue as a right, during the next court date and was denied without any explanation. Judge Curry's discretion, indiscretions or fabrications from the bench, cannot be tolerated by any citizen of this Country.

51.) Further, Judge John Curry has made patently false statements regarding proceedings in his Courtroom. Judge Curry, in a blatant, aberration of truth, claims the counsel for Plaintiff appeared before him in November of 2017. Upon a request by Plaintiff, counsel for USB gave it's records of appearances, and counsel for USB never appeared before Judge John Curry in November of 2017.
Judge Curry deliberately claimed what he knew to be false in an unmitigated attempt to conceal his failure to adhere to Illinois Rules governing his Court. (July 24, 2018 transcript, Pg. 23 - 24) {Ex: A}
Furthermore Defendant USB and their Attorneys Potestivo failed to appear at any time during the year of 2017, this is information was provided by Defendant Potestivo Law Firm and is clearly shown on the Cook County Court Website. See {Ex: C} Potestivo Letter

52.) Such injuries demand relief from each Defendant, wholly and individually. Each Defendant has separate legal requirements, imposed upon them by either Illinois Supreme Court Rules, or the statutes and codes enacted by Illinois legislators. Failure to adhere to those requirements fully supports this Honorable Court's discretion to award to the Plaintiffs any/all compensatory relief befitting the violations which Plaintiffs have proven against the Defendants.

53.) Judge John Curry abandoned his 'judicial immunity' by abandoning any right to claim 'jurisdiction' over the Plaintiffs appearing as "Defendants" before his Court. Judge John Curry failed to safeguard Plaintiffs' civil rights. Judge John Curry also failed to protect Plaintiffs' rights to '*due process*'. By Supreme Court precedent, Judge John Curry may be sued by the Plaintiffs for damages. (See *Ulrich*)

54.) Each Defendant is wholly and individually responsible for fraud and/or other identified violations. Each Defendant has been party to the perjury of James Kennedy, and for their own perjurious statements. For all these reasons, and any others this Honorable Court may recognize, Plaintiffs pray this Court will award from each Defendant individually and wholly, $250,000.00, and any/all further compensation to the Plaintiffs this Court deems appropriate to award.

55.) An immediate Order from this Court to "Vacate the Judgment of Foreclosure" issued by Judge John Curry is imperative to peremptorily bar an invalid sale of the Plaintiffs' home. By Supreme Court precedent, Judge John Curry's 'Judgment' is "***void***" and '*of no legal force or affect*'. (See *Ulrich*)

Trial by Jury demanded.

Respectfully submitted,


_____                    Date: June 10, 2019

Mary E Eldridge     Plaintiff   *pro se*



_____                    Date: June 10, 2019

Robert E Eldridge     Plaintiff   *pro se*


7737 W 80th Pl
Bridgeview, IL  60455
708-785-2607
allpro@comcast.net

54.) Each Defendant is wholly and individually responsible for fraud and/or other identified violations. Each Defendant has been party to the perjury of James Kennedy, and for their own perjurious statements. For all these reasons, and any others this Honorable Court may recognize, Plaintiffs pray this Court will award from each Defendant individually and wholly, $250,000.00, and any/all further compensation to the Plaintiffs this Court deems appropriate to award.

55.) An immediate Order from this Court to "Vacate the Judgment of Foreclosure" issued by Judge John Curry is imperative to peremptorily bar an invalid sale of the Plaintiffs' home. By Supreme Court precedent, Judge John Curry's 'Judgment' is "**_void_**" and '_of no legal force or affect_'. (See _Ulrich_)

Trial by Jury demanded.

Respectfully submitted,


Mary E Eldridge     Plaintiff   *pro se*                    Date: June 10, 2019


Robert E Eldridge    Plaintiff   *pro se*                   Date: June 10, 2019


7737 W 80th Pl
Bridgeview, IL  60455
708-785-2607
allpro@comcast.net

U.S. Bank v. Mary E. Eldridge; et al. 
Proceedings had on 7/24/2018

Page 21

1   explained in the beginning, the form is the form, but

2   I asked for a change of venue because I thought that

3   their lack of diligence throughout this entire case

4   possibly wasn't picked up by you because the dates were

5   so -- so far out of line, 2016, 2017, 2018, and I

6   thought that's quite possible you just overlooked it,

7   which would certainly be the case. I know you hear

8   30, 40 cases a day. You can certainly make an error.

9        THE COURT: Well, sadly, there are cases that are

10  many years old. I think the oldest case on my docket

11  now is a 2009 case. I think that's a very long time for

12  these types of cases to proceed. I tend to make that

13  clear to every plaintiff that comes before me on a case

14  that's more than five years old. But unfortunately,

15  that is the history of this jurisdiction, given the very

16  heavy caseload in the Circuit Court of Cook County,

17  particularly in the mortgage foreclosure section. It

18  does happen that many cases last many years.

19        I do have an annual hearing date for every old

20  case on my calendar where I require the plaintiff to

21  present to me a basis for me not to dismiss the case.

22  I'm sure this case was on my call last November, when I

23  had the last hearing. I'll have another one this coming

24  November. And so long as they present to me some

Royal Reporting Services, Inc.
312.361.8851

U.S. Bank v. Mary E. Eldridge; et al.
Proceedings had on 7/24/2018

Page 22

1   indication that they intend to be active -- and I think

2   even your own motion to dismiss, Mr. Eldridge, pointed

3   out that clearly they have been more active in the last

4   year in which --

5           Did you say you have another motion pending?

6       MR. SRIRATANA:  Our motions for default judgment.

7       THE COURT:  Yes.  So they've already filed a motion

8   for default.  So they are -- All the law requires is

9   that they actively pursue the case.  There's no

10  benchmark that they have to achieve to keep the case

11  alive.  It's only in the instance where there is an

12  absolute abandonment of the claim that dismissal for

13  want of prosecution is appropriate.

14          And as I've said, I have an annual hearing on

15  all old cases to compel the plaintiffs to indicate to me

16  on what basis I should keep an older case alive.

17      MR. ELDRIDGE:  You have an annual hearing, Judge?

18      THE COURT:  Yes, I do, sir.

19      MR. ELDRIDGE:  Could you tell me --

20      THE COURT:  This one will probably be on it.

21      MR. ELDRIDGE:  -- when that was?

22      THE COURT:  Last year it was --

23      MR. ELDRIDGE:  It's not -- It's not in the court

24  file.

Royal Reporting Services, Inc.
312.361.8851

U.S. Bank v. Mary E. Eldridge; et al.
Proceedings had on 7/24/2018

Page 23

1       THE COURT:  I'm sorry?

2       MR. ELDRIDGE:  It's not on the court file, and I

3   went through ...

4       THE COURT:  There's a possibility of that.  But

5   this case was on my annual call on November 28th or 29th

6   of last year.

7       MR. ELDRIDGE:  Could you tell me who appeared, sir,

8   for the record?

9       THE COURT:  I have no idea.  I have -- I had about

10  500 cases up that day.

11      MR. ELDRIDGE:  Oh, I believe that easily.  Would it

12  be in the court file?

13      THE COURT:  It should be in the court file, yes.

14      MR. ELDRIDGE:  Well, I --

15      THE COURT:  It would be a late November date.

16      MR. ELDRIDGE:  I looked for it downstairs.  And the

17  supervisor on the eighth floor said that the two

18  documents that should have been there were not viewable,

19  and he had never seen that before.  So I do have with me

20  here a document that I didn't add.  And I know you've

21  already made your ruling.  So if you want me to move on,

22  I will.  But I've got to show this to you if you think

23  it's important to the case.

24      THE COURT:  Okay.  Well -- Oh, sorry.  May I see

Royal Reporting Services, Inc.
312.361.8851

U.S. Bank v. Mary E. Eldridge; et al.
Proceedings had on 7/24/2018

Page 24

1   what you ...

2       MR. ELDRIDGE:  Yeah.  The party who showed up on

3   November was Randall Miller & Associates, who had been

4   dismissed from this case four years prior.  Not

5   Potestivo.  They didn't show up.  Now, the documents are

6   not viewable in the case --

7       THE COURT:  Well, you know, that's not -- that's

8   not uncommon, sir, because sometimes -- we just do a

9   general, computer-based notice to the plaintiff.  And

10  that notice might have been picked up by the old law

11  firm, and they probably just showed up and entered the

12  order.  So --

13      MR. ELDRIDGE:  Well, if they would have showed up,

14  then, in fact, would that have not altered the fact that

15  they haven't appeared in 15 months?

16      THE COURT:  Well, wait a minute.  Let me stop

17  you -- Let me stop you right there.  Let me stop you.

18  Again, they were given notice.  They didn't show up

19  because they're no longer in the case.  So U.S. Bank did

20  show up on November 30th and asked that to be struck

21  from the case management call, indicating that they had

22  obtained service and they were going to move.  And I

23  most likely required them to bring the motions which

24  have caused us to be in court the last few times.  Okay?

Royal Reporting Services, Inc.
312.361.8851

7212625 – comes back to a Gold 1996 Saturn SC1, Alex and April Cline @ 6255 Omega Rd., Iuka, IL 62849; tag is expired.



Attempts made:
- 9/6/2016 10:07 PM Process server found the blinds closed and no lights are on inside the home. No answer at the front door of the home.
- 9/7/2016 5:25 PM Process server found the blinds closed and no lights are on inside the home. No answer at the front door, dogs barking inside the home. No vehicles are parked in the driveway.
- 9/8/2016 5:16 PM Process server found the blinds closed and dogs Barking inside the home. No answer at the front door, no vehicles are parked in the driveway.
- 9/10/2016 6:53 AM Process server found the blinds closed and no lights appear to be on inside the home. No answer at the front door, no vehicles are parked in the driveway.
- 9/11/2016 2:54 PM Process server found the blinds closed and lights can be seen in the home. Server heard voices in the home but they refused to come to the door. 2 vehicles are parked in the driveway Lic#'s Y755604 IL & 7212625 Il.
- 9/12/2016 11:03 AM Process server found the blinds closed and no lights are on inside the home. No answer at the front door of the home. No vehicles are parked in the driveway.
- 9/13/2016 4:53 PM Process server found the blinds closed and no lights are on inside the home. No answer at the front door of the home. Dog barking inside the home. No answer at the front door of the home. No vehicles are parked in the driveway.
- 9/15/2016 7:37 AM Process server found the blinds closed and no lights are on inside the home. No answer at the front door of the home. No vehicles are parked in the front of the home.
- 9/17/2016 9:28 AM Process server found a Garage sale going on at the address. Server spoke to 2 F/W's./50-60 both stated the Defendant was not there. They refused to accept or give their information. Can we ask for a picture of the Defendant.
- 9/18/2016 1:46 PM Process server found the blinds closed and no lights are on inside the home. No answer at the front door of the home. No vehicles are parked in the driveway.
- 9/19/2016 3:07 PM Process server found the blinds closed and no lights are on inside the home. No answer at the front door of the home. No vehicles are parked in the driveway.
- 9/20/2016 6:51 PM ORIGINAL CLOSING NOTES: The defendant is avoiding service. Attempts were made at this address; however no contact could be made with the defendant at this address. There is no evidence that the property is vacant. The resident would not open the door and refused to answer.
- 9/22/2016 12:30 PM Process server found the blinds closed and no lights are on inside the home. No answer at the front door of the home. No vehicles are parked in the driveway of the home.
- 9/23/2016 10:05 AM Process server found the blinds closed and no lights are on inside the home. Dog barking inside the home. No vehicles are parked in the driveway.
- 9/24/2016 4:16 PM Process server found the blinds closed and no lights are on inside the home, no answer at the front door of the home. Parked in the driveway Chrysler Lic# Z719464 IL.
- 9/25/2016 at 6:23 PM The defendant is avoiding service. Attempts were made at this address; however no contact could be made with the defendant at this address. There is no evidence that the property is vacant. The resident would not open the door and refused to answer. The defendant is refusing service.

Page 3 of 4   File Number: C13-93034
Reference Number: 3461860
Case Number: 11 CH 25851
Doc Generated: 09/28/2016 05:34:31:842 PM

651059_3461860_0_64_V4



A PROFESSIONAL CORPORATION

# POTESTIVO
# &ASSOCIATES
### ATTORNEYS AT LAW

( EX: C )

*Providing superior legal solutions*

MICHIGAN | ILLINOIS | MISSOURI

March 27, 2019
Robert Eldridge
allpro@comcast.net

> Re: List of Attorneys Who Appeared On Behalf of Plaintiff
> 7737 W. 80th Place, Bridgeview, IL 60455
> 2011CH25851
> Our File No.: 113084

Dear Mr. Eldrige:

Below please find the list of Attorneys who appeared on behalf of the Plaintiff during 2016-2018.

01/20/2016 Judgment Hearing Date – Michael Sadic
03/02/2016 Judgment Hearing Date – Michael Sadic
03/14/2016 Judgment Hearing Date – Anuolu R. Fasoranti
05/09/2016 Judgment Hearing Date – Michael Sadic
05/23/2016 Motion to Quash Service – Michael Sadic
08/31/2016 Motion to Quash – Mitchell Shanks
12/06/2016 Motion for Alternate Service – Michael Sadic
**11/30/2017 Case Management Hearing – Attorney is shown as Randall S. Miller which is not our
Firm**
05/29/2018 Judgment Hearing Date – Mitchell Shanks
06/18/2018 Motion to Quash – Michael Sadic
06/19/2018 Motion to Quash – Michael Sadic
07/24/2018 Judgment Hearing Date – Michael Sadic
08/28/2018 Judgment Hearing Date – Alex Potestivo
**02/25/2019 The case was transferred to new Law Firm - Johnson, Blumberg & Associates, LLC**

Very truly yours,

Potestivo & Associates, P.C.

Enclosure(s)

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION
WE OBTAIN WILL BE USED FOR COLLECTING A DEBT. IF THE DEBT WAS DISCHARGED IN A
BANKRUPTCY PROCEEDING, THIS NOTICE IS NOT AN ATTEMPT TO COLELCT THAT DEBT.**

223 West Jackson, Suite 610 ● Chicago, IL 60606 ● p: (312) 263-0003 ● f: (312) 263-0002 ● www.PotestivoLaw.com